# Exhibit A
# Plaintiff's Complaint

Electronically Filed
8/20/2021 5:12 PM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 259-7777
Fax   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Bobette Cousineau*

CASE NO: A-21-839874-C
Department 21

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| BOBETTE COUSINEAU, an individual; | Case No. |
| Plaintiff, | Dept.: |
| vs. | |
| OLD DOMINION FREIGHT LINE, INC.; DOES I through X; and ROE Corporations XI through XX, inclusive, | **COMPLAINT WITH JURY DEMAND** |
| Defendants. | |

## COMPLAINT

COMES NOW Bobette Cousineau ("Cousineau" or "Plaintiff"), by and through her attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices, and hereby alleges and complains of Old Dominion Freight Line, Inc. ("Defendant" or "Old Dominion") as follows:

### VENUE AND JURISDICTION

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Plaintiff hereby designates Clark County as the venue for this proceeding per NRS § 13.040 and files in the Eighth Judicial District Court accordingly.

3. Jurisdiction and venue are based on NRS Chapter 613, 42 U.S.C.A §2000e, *et seq.* and Plaintiff's claims under Nevada law.

4. All alleged unlawful employment actions occurred in this judicial district.

## PARTIES

5. At all times relevant, Plaintiff was a resident of Nevada.

6. At all times relevant, Plaintiff was an employee of Defendant Old Dominion as that term is defined in 42 U.S.C. §2000e.

7. At all times relevant, Defendant Old Dominion was Plaintiff's employer as that term is defined in both 42 U.S.C. §2000e and NRS 613.310 in that Defendant Old Dominion had fifteen or more employees for each working day in each of twenty or more calendar weeks.

8. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Old Dominion was a foreign corporation as registered with the Nevada Secretary of State.

9. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Old Dominion was doing business in Nevada where the unlawful employment practices and wrongful actions complained of herein occurred.

10. At all times relevant, Old Dominion was Plaintiff's employer.

11. Plaintiff is informed, believes, and thereon alleges that at all times relevant, Old Dominion was doing business in this Judicial District in Clark County, Nevada.

12. Based on information and belief, at all relevant times, each of the named Defendants were the partners, joint ventures, joint enterprise, alter-egos, subsidiaries, parent companies, successor corporations, integrated entities, agents, co-conspirators, servants, and employees of each of the other named Defendants herein, and were acting at all relevant times within the scope, course, purpose, and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants

13. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is

unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

14. Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDURAL REQUIREMENTS

15. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit.

16. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 18, 2018. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as Exhibit I. Such allegations of Exhibit I are hereby incorporated herein this Complaint.

17. On or about September 21, 2020 EEOC found reasonable cause to believe that Defendant retaliated against Plaintiff in violation of Title VII. *See* a true and correct copy of the EEOC determination attached hereto as Exhibit II.

18. On or about May 25, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. *See* a true and correct copy of Plaintiff's right to sue attached hereto as Exhibit III.

## FACTUAL ALLEGATIONS

19. On or about November 14, 2017, Cousineau was hired by Defendant as a Pickup and Delivery driver.

20. Cousineau is a female.

21. Between the dates of November 24, 2018 and April 10, 2018 Cousineau was exposed to sexually explicit and inappropriate comments from Defendant's staff.

22. Between the dates of November 24, 2018 and April 10, 2018 Cousineau was exposed to sexually explicit and inappropriate comments from an agent of Defendant.

23. Cousineau verbally expressed to Defendant opposition to sexual harassment.

24. On or about February 22, 2018, Defendant changed Cousineau's

designated route.

25. On or about April 11, 2018, Cousineau complained about sexual harassment in the workplace to Defendant.

26. On or about April 25, 2018, Defendant gave Cousineau faulty equipment.

27. On or about April 25, 2018, Defendant refused multiple requests from Cousineau to receive adequate equipment.

28. On or about April 28, 2018, Cousineau reported two incidences of physical harassment.

29. On or about April 25, 2018, Defendant denied Cousineau's allegations.

30. In or around May 2018 Cousineau requested to attended Mine Safety and Health Administration ("MSHA training").

31. In or around May 2018 Defendant denied Cousineau the opportunity to attend MSHA training.

32. Cousineau was the only one of Defendant's drivers to not attend MSHA training.

33. On or about April 17, 2018, Defendant changed Cousineau's designated route.

34. Defendant denied Cousineau overtime hours yet allowed other drivers to work overtime hours.

35. Defendant's proffered reason was based on three complaints filed against the Cousineau.

36. Cousineau was not informed of any complaints against her prior to her receiving a write up on or around April 17, 2018.

37. On or about May 29, 2018, Cousineau heard Defendant instruct another of its drivers to have nothing to do with Cousineau.

38. On or about May 29, 2018, Cousineau was constructively discharged.

39. Thereafter, Defendant informed Plaintiff's subsequent employer that Plaintiff had complained of harassment and/or filed a charge of discrimination against

Defendant. *See* Exhibit II.

## FIRST CAUSE OF ACTION
## SEX DISCRIMINATION / HARASSMENT
## Title VII 42 U.S.C. §2000e *et seq.* / NRS 613.330

40. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

41. As more fully set forth above, Plaintiff was subjected to unwelcome sexual harassment and/or discrimination.

42. As set forth above, Plaintiff is a female and therefore a member of a protected class.

43. Plaintiff was discriminated against, harassed, and constructively discharged on the basis of her sex.

44. Defendant committed unlawful actions, including but not limited to, harassment of Plaintiff as a female.

45. Such actions constitute unlawful sex discrimination and harassment.

46. This unlawful conduct endured by Plaintiff was so severe and pervasive that it was frequent, humiliating, and interfered with Plaintiff's ability to work.

47. This sexual conduct was sufficiently severe or pervasive as to alter the compensation, terms, conditions and privileges of Plaintiff's employment.

48. Defendant, through its agents, became aware of sexual harassment and/or discrimination that Plaintiff experienced and took no action to stop it.

49. Given the aforementioned, Defendant's conduct was so severe and pervasive as to constitute an objective abusive hostile work environment in violation of Title VII, 42 U.S.C. §2000e *et seq.* Defendant, in creating, condoning, and perpetuating a sexually hostile work environment, has engaged in a discriminatory practice with discriminatory hostility based upon Plaintiff's status as a female, with malice or reckless indifference to Plaintiff's federally protected rights.

50. Defendant, by the aforementioned conduct, discriminated against Plaintiff.

51. All of Defendant's unlawful actions described herein were done willfully and intentionally and in reckless disregard for Plaintiff's protected rights under federal law.

52. As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

53. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs.

54. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## SECOND CAUSE OF ACTION
## RETALIATION
## 42 U.S.C. §2000e *et seq.* and NRS 613.340

55. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

56. As set forth more fully above, Defendant retaliated against Plaintiff when she opposed discrimination and unlawful conduct, in good faith, as detailed in her internal complaint and discussions with Defendant.

57. There exists a temporal proximity in relation to Plaintiff's internal complaints of unlawful discrimination and Plaintiff's resulting constructive discharge.

58. Defendant subjected Plaintiff to undeserved disciplinary conduct in close temporal proximity after Plaintiff complained to Defendant of discriminatory, harassing behavior.

59. Defendant retaliated against Plaintiff when she opposed discrimination and unlawful conduct by constructively discharging Plaintiff.

60. Defendant retaliated against Plaintiff when it informed Plaintiff's

subsequent employer that Plaintiff had complained of harassment and/or filed a charge of discrimination against Defendant. *See* Exhibit II.

61. Defendant's conduct as described herein in violation of 42 U.S.C. §2000e *et seq.* and NRS 613.340.

62. By taking these adverse actions because Plaintiff complained of her disparate treatment, Defendant has engaged in a discriminatory practice with malice and/or with reckless disregard to Plaintiff's protected rights. As a result, Plaintiff has been damaged.

63. As a direct and proximate result of the conduct of the Defendant described hereinabove, Plaintiff has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

64. As a result of Defendant's conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, have been damaged thereby, and are entitled to reasonable attorneys' fees and costs.

65. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $15,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages; and,

///

5.	Such other and further relief as the Court may deem just and proper.

DATED this 20th day of August 2021.

GABROY LAW OFFICES

By    /s/ Christian Gabroy
Christian Gabroy, Esq.
Kaine Messer, Esq.
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson Nevada 89012
Tel:	(702) 259-7777
Fax:	(702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

# EXHIBIT I

7757538535             12:06:56 p.m.   06-19-2018     2/4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To: <br> ☐ FEPA <br> ☒ EEOC | Agency(ies) Charge No(s): <br> Amended <br> 550-2018-01105 |
|---|---|---|

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Bobette Cousineau

**Home Phone** (incl. Area Code): [redacted]    **Date of Birth**: [redacted]

**Street Address**: [redacted]    **City, State and ZIP Code**: [redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: OLD DOMINION FREIGHT LINE INC    **No. Employees, Members**: 500 or More    **Phone No.**: 

**Street Address**: 620 Romeo, Elko, NV 89801

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 11-24-2017    Latest: 05-29-2018
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On or about November 14, 2017, I was hired by Respondent as a Pickup and Delivery driver. Between November 24, 2018 and April 10, 2018, I was exposed to sexually explicit and inappropriate comments from the staff, including the supervisor, Jerry Ray. Between February 9, 2018 and March 28, 2018, I verbally expressed opposition to sexual harassment. On or about February 22, 2018, I suffered an adverse employment action by having my route changed and my hours cut. On or about March 28, 2018, supervisor Jerry Ray heard and condoned the sexual harassment. On or about April 11, 2018, I complained to Tom Lillywhite, the Regional Human Resource and Development Manager about sexual harassment in the workplace. On or about April 25, 2018, I was subjected to different terms and conditions in that I was given faulty equipment. This happened on three occasions, and each time when I asked for better equipment my request was ignored. On or about April 28, 2018, I reported two incidences of physical harassment and my allegations were denied. On or about May 8, 2018, I received a second write up from supervisor Jerry Ray. In or around May 2018, I requested and was denied a MSHA training opportunity that all of Respondent's other drivers had been provided.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6-18-18    *Cousineau* (Charging Party Signature)

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED
JUN 19 2018
EEOC - OLO

Cousineau 0055

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2018-01105 |
| **Nevada Equal Rights Commission** | | and EEOC |
| *State or local Agency, if any* | | |

On or about May 29, 2018, I was constructively discharged when I heard a day driver being told to have nothing to do with me.

On or about April 17, 2018, I was told the reason my route was changed and my hours cut was three complaints filed against me that I had never been informed of before this time. I was told the reason I received a second write up on May 8, 2018 was because of poor customer service and providing information over the phone to a customer.

I believe I was discriminated against in violation of the Civil Rights Act of 1964, as amended. Additionally, I believe I was retaliated against for engaging in protected activity, in violation of the statute.

RECEIVED
JUN 1 0 2018
EEOC - OLO

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 6-18-18  [signature]<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

# EXHIBIT II



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

The Phillip Burton Federal Building
450 Golden Gate Avenue, 5th Floor West
P.O. Box 36025
San Francisco, CA 94102-3661
San Francisco Status Line: (866) 408-8075
San Francisco Direct Dial: (415) 522-3179
FAX (415) 522-3417

Charge Number 550-2018-01105

| | |
|---|---|
| Bobette Cousineau | Charging Party |
| Old Dominion Freight Lines | Respondent |

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the charges filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). All jurisdictional requirements have been met.

Charging Party alleges that she was subjected to sexual harassment. Charging Party also alleges that she complained to Respondent's officials to no avail and thereafter was retaliated against in (1) terms and conditions and (2) training, and (3) was constructively discharged.

Respondent denies Charging Party's allegations.

Based upon the evidence, there is reasonable cause to find a like-and-related violation of retaliation under Title VII. Specifically, Charging Party complained of harassment while in Respondent's employ in 2018, and subsequent to her separation from Respondent, filed a charge of discrimination June of 2018 against it. Thereafter, Respondent informed Charging Party's new employer that Charging Party had complained of harassment and/or filed a charge of discrimination against Respondent, thereby causing Charging Party's new employer to discharge her from her temporary employment with it and rescind its offer of regular employment.

Based upon the evidence, I have determined that there is insufficient evidence to believe that Respondent subjected Charging Party to a hostile environment because of her sex, or that Respondent retaliated against Charging Party in terms and condition or training. There is insufficient evidence to believe that Charging Party was constructively discharged.

Section 706(b) of Title VII requires that if the Commission determines that there is reasonable cause to believe that a violation has occurred, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. Having determined that there is reasonable cause to believe that a violation has occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

Charge No.: 550-2018-01105
Page 2 of 2

A representative of the Commission will contact you in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's Procedural Regulations. When the Respondent declines to enter into settlement

discussions, or when the Commission's representative for any other reason is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing.

You are reminded that Federal Law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

9/21/2020

_____
DATE

**Dana C. Johnson**
Digitally signed by Dana C. Johnson
DN: cn=Dana C. Johnson, o=EEOC, ou=Enforcement,
email=dana.johnson@eeoc.gov, c=US
Date: 2020.09.21 17:12:11 -07'00'

For William R. Tamayo
District Director

# EXHIBIT III

EEOC Form 161-A (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Bobette Cousineau | From: | San Francisco District Office<br>450 Golden Gate Avenue<br>5 West, P.O. Box 36025<br>San Francisco, CA 94102 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2018-01105 | Dana C. Johnson,<br>Enforcement Manager | (510) 956-0007 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Dana Johnson** Digitally signed by Dana Johnson
Date: 2021.05.25 09:13:42 -07'00'

Enclosures(s)    For William R. Tamayo,    *(Date Issued)*
                 District Director

cc:  Peter B. Murphy, Esq.
     Assistant General Counsel
     OLD DOMINION FREIGHT LINE
     500 Old Dominion Way
     Thomasville, NC 27360

     Anthony Martin
     Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
     3800 Howard Hughes Parkway, Suite 1500
     Las Vegas, NV 8916

Cousineau 0010